## DANIEL MANN *vs.* SAMUEL HOUGHTON.

When an action pending in court is referred, by a rule of court, to arbitrators,
who award costs to the defendant, but before the award is accepted by the court,
the plaintiff takes the benefit of the insolvent law, and obtains his discharge, the
discharge does not bar the defendant's claim for the costs awarded.

So, when the condition of a replevin bond is broken by a failure of the plaintiff in
replevin to deliver up the property on demand of the defendant after judgment
for a return, a discharge in insolvency of a surety on the bond from all debts
due at a time previous to such demand, though subsequent to the commence-
ment of the action of replevin, is no bar to an action against him on the bond.

THIS was an action of assumpsit to recover the amount of
an account annexed to the writ, and was entered in the court

of common pleas, at the March term, 1849. At the June term following the action was referred, under a rule of court, to arbitrators, who met on the 18th of September, 1849, to hear the parties; but the plaintiff not appearing, they made an award, " that the defendant recover of the plaintiff the costs of this reference, taxed at $13.44, and costs of court, to be taxed by the court."

On the 24th of November, 1849, the plaintiff petitioned for the benefit of the insolvent law, and a warrant was issued for the seizure of his property, and the first publication of notice that the warrant had issued was made on the same day; on the 12th of December, 1849, an assignee was duly chosen, and an assignment of the insolvent's estate made to him by the commissioner; and on the 13th of June, 1850, the plaintiff obtained his discharge from all debts due from him previously to the said 24th of November.

On the calling of the docket of the court of common pleas, at the December term, 1849, the insolvency of the plaintiff was suggested, and entered on the record.

The award, having been left with the clerk of the court in the previous vacation, was opened and filed by him at the June term, 1850, and the case continued. At the September term, the defendant moved that the report be accepted, but the plaintiff objected, and moved that the action be dismissed, on the ground of the proceedings in insolvency; of which he produced and filed in the case an authenticated copy. But the court refused to dismiss the action, and ordered the award to be accepted. The defendant then moved for judgment, but the plaintiff objected, on the ground of the proceedings in insolvency and the discharge of the plaintiff, and moved that the action be dismissed. But this motion, at a subsequent term, was overruled by the court, who ordered judgment to be entered on the award, and that the defendant should recover his costs against the plaintiff accordingly. Whereupon the plaintiff excepted to the rulings of the court.

*E. Fuller*, for the plaintiff.

The assignment of the plaintiff's estate, under the insolvent law, took from him all his interest in the cause of action de-

50 *

clared on, and deprived him of all right to proceed in the action; and therefore this assignment must protect him from liability on any judgment against him for costs. *St.* 1838, *c.* 163, § 5. No one but the assignee could prosecute the action, and as he did not come in and prosecute, the action should have been dismissed without costs. It was as if the plaintiff were actually dead, and his administrator had not come in. Had the award been in favor of the plaintiff, the proceeds of the suit would have passed to the assignee for the creditors; and therefore the plaintiff ought not to be held liable to a judgment for costs, or to pay costs, when the award is against him.

*N. Wood*, for the defendant, cited *Boardman* v. *England*, 6 Mass. 70; *St.* 1838, *c.* 163, §§ 3, 7; *Sampson* v. *Clark*, 2 Cush. 173; *Kelton* v. *Phillips*, 3 Met. 61; *Hodges* v. *Chace*, 2 Wend. 248; *Mechanics' Bank* v. *Hazard*, 9 Johns. 392; *Stebbins* v. *Willson*, 14 Johns. 403.

METCALF, J. The defendant's claim could not have been proved against the estate of the plaintiff, under the proceedings in insolvency, because it was not payable nor due until after the award was accepted; which was several months after the first publication of notice that a warrant had issued for taking possession of the plaintiff's estate. And as this claim was not provable against the plaintiff's estate, it is not barred by his discharge. *St.* 1838, *c.* 163, §§ 3, 7; *Sampson* v. *Clark*, 2 Cush. 173.*                    *Exceptions overruled.*

---

* A similar decision was made in Suffolk, March term, 1852.

GEORGE H. SLEEPER *vs.* GEORGE MILLER & others.

This was an action of debt upon a replevin bond, executed by George Miller as principal, and by Giles A. Meacham and Newell Adams as sureties. Miller and Adams were defaulted; and Meacham and the plaintiff submitted the case to the judgment of the court upon the following facts:

The bond in suit was given on the 28th of December, 1846, in an action of replevin commenced on that day by Miller against Sleeper, the present plaintiff. On the 29th of January, 1850, Sleeper recovered judgment against Miller for a return, for nominal damages and for costs, upon which judgment execution was issued, and committed to an officer, who, after returning part of the replevied property to the plaintiff, and making diligent search for the remainder without success, demanded of Miller, on the 9th of March, 1850, the remainder of the property; which Miller

---

refused to return. And the officer afterwards returned the execution satisfied in part.

On the 16th of October, 1849, Meacham was declared insolvent on his own petition, and a warrant was issued for the seizure of his property; and the first publication of notice of the issuing of the warrant was made on the same day; and on the 21st of May, 1850, he obtained his discharge from all debts due from him previously to said 16th of October.

*G. H. Preston* for the plaintiff.

No counsel appeared for the defendant.

By the Court. There was no breach of the condition of the replevin bond, until after the first publication of notice that a warrant had issued for the seizure of Meacham's property, under the insolvent laws. The plaintiff's claim, therefore, is not barred by Meacham's discharge, because it was not provable against his estate.

*Judgment for the plaintiff*